ASSIGNEES OF JOHN R. VANLIEU v. DANIEL H. DISBOROUGH and ANN VANLIEU.

When property has been converted into cash by an insolvent, and absorbed in the general mass of his estate, so that it cannot be followed or distinguished, a *cestui que trust* stands on the same footing with other creditors.

John R. VanLieu executed in due form of law an assignment of his real and personal property to James S. Nevius and F. S. Vanarsdalen, under the act to secure to creditors an equal and just division of the estates of debtors, who convey to assignees, for the benefit of creditors, *Rev. Laws* 674. Daniel H. Disborough one of the executors and Ann VanLieu the widow of Frederick VanLieu, deceased, presented to the assignees their claims under oath. The assignees filed according to law, with the clerk of the Court of Common Pleas of the county of Somerset, a true list of the creditors, and a true statement of their respective claims. Exceptions to the claim of D. H. Disborough and Ann VanLieu, were filed by the assignees, and the matter was argued before that court, upon the following statement of facts, agreed upon by the parties.

" Frederick VanLieu, late of the county of Somerset, and state of New Jersey, made, executed, and published his last will and testament, in due form of law, bearing date the 20th of November, 1817, (prout the said will, which is made a part of the state of this case.)

Afterwards, to wit, on or about the 1st of Aug. 1820, the said testator died without altering, or revoking the said last will

and testament, leaving Ann VanLieu, his widow, John R. Van
Lieu his son, Matilda, wife of Daniel H. Disborough, Dorothy,
wife of Henry D. Traphagen, and Ann, wife of Jaques I. Voor-
heese, his three daughters, him surviving. The said executors,
John R. VanLieu, Daniel H. Disborough, Henry D. Traphagen,
and Jaques I. Voorheese, proved the said will on the 26th day
of August, 1820, and filed an inventory of the personal property
of the said testator, (prout the same,) and took upon themselves,
the burthen of the execution of the said will. The said Ann
VanLieu, widow of the said testator, elected and chose to take
the legacy bequeathed to her in and by the said last will, and
to release in consideration, her right to the residue of the estate,
either real or personal, of the said Frederick VanLieu, deceased,
(prout the said release.)

Shortly after proving the said will, the said executors to wit,
John R. VanLieu, Daniel H. Disborough, Henry D. Traphagen,
and Jaques I. Voorheese, agreed to take and divide, and did ac-
cordingly take and divide among themselves, the sum of four
thousand dollars of the bonds and other personal securities of
the said Frederick VanLieu, deceased, being the amount of the
legacy to the said Ann Van Lieu, widow of the testator, each of
the said executors, receiving the amount of one thousand dollars,
and agreeing to pay to the said widow, yearly and every year,
the interest on the amount so received by each executor, and
pay over the principal according to the directions of the said will.

The said Henry D. Traphagen and Jaques I. Voorheese have
since departed this life, and the said John R. VanLieu and Dan-
iel H. Disborough are the surviving executors, and a settlement
of the estate of the said Frederick VanLieu has taken place, in
the Orphans' Court of the county of Somerset. (Prout the same.)

John R. VanLieu, one of the said surviving executors in the
said will named, became insolvent in the month of January, 1829,
and duly made an assignment of all his real and personal pro-
perty, for the benefit of his creditors in the manner required by
the act entitled, An act to secure to creditors an equal and just
division of the estates of debtors, who convey to assignees for
the benefit of creditors, passed the 23d of February, 1820,
(prout the said assignment,) James S. Nevius and Ferdinand S.
Vanarsdalen are the assignees named in said assignment. Claims

Nevius *v.* Disborough.

to the amount of ——— dollars, have been duly presented to the said assignees, and the said Daniel' H. Disborough, as executor of the said Frederick VanLieu, and the said Ann VanLieu, widow as aforesaid, have exhibited their claim also, in due form of law.

It is admitted, that the one thousand dollars received by the said John R. VanLieu, from the estate of the said Frederick VanLieu, consisted of bonds and other personal securities, given to the said Frederick VanLieu in his life time, and that the said John R. VanLieu, as executor, has received the money due thereon before the assignment aforesaid, and that the money so received, has been mixed up, and with the other property of the said John R. VanLieu. The interest remaining unpaid on the one thousand dollars amount to ——— dollars.

The question submitted to the court is, shall the assignees of the said John R. VanLieu set apart from his property the sum of one thousand dollars to meet the interest, payable hereafter to the widow, and pay to her the said sum of ——— dollars, being the interest now due, without abatement or deduction, and also to meet the requisitions of the will. And in the decision of the above question, either party shall be at liberty to bring a writ of error to the Supreme Court, or adopt such other measure and proceedings in the matter of appeal, as would by law be allowed, as in case a regular trial had been had."

The Court of Common Pleas having heard the parties by their counsel order and adjudge, that the assignees of the said John R. VanLieu, set apart from his property the sum of one thousand dollars, to meet the interest, payable hereafter to the widow, Ann VanLieu, and that the said assignees do pay to the said Ann VanLieu, the interest, now due her, on the said thousand dollars, without abatement or deduction.

This order and the proceedings were removed into this court by certiorari, and submitted upon the foregoing statement of facts.

*Hartwell*, for the assignees.

*J. S. Green*, contra.

BY THE COURT. John R. VanLieu, having become insolvent, made in January, 1829, an assignment of his property for

the benefit of his creditors, according to the act passed on the 23d day of February, 1820, *Rev. Laws* 674. He, with three other persons, two of whom are since dead, became in the year 1820, the executors of Frederick VanLieu; who, by his will, gave his wife the interest of four thousand dollars, to be paid annually by her executors, during her life, and the principal, after her decease, to be divided among her four children, of whom John was one, and the other executors were the husbands of the rest. Soon after proving the will, the executors agreed to take, and did divide among them, the sum of four thousand dollars, of the bonds and other personal securities of the testator, each receiving the sum of one thousand dollars, and agreeing to pay yearly, to the widow, the interest on the amount so respectively received. A settlement of the estate, in the Orphans' Court, has been since made by Daniel H. Disborough and John R. VanLieu, the surviving executors. The amount of one thousand dollars received by John R. VanLieu, consisted of bonds and other personal securities, given to Frederick Van Lieu, in his life time ; upon which he received the money before he made the assignment, and " the money so received had been mixed up and with" his other property. The plaintiffs now before us are his assignees ; to whom claims to a large amount were exhibited by his creditors. And, among others, Daniel H. Disborough, as executor, and Ann VanLieu, as widow of Frederick VanLieu, claimed the above mentioned one thousand dollars, and the interest in arrear. The Court of Common Pleas of the county of Somerset made an order, that the assignees " set apart from his property the sum of one thousand dollars, to meet the interest payable hereafter to the widow, Ann Van Lieu, and that the said assignees do pay, to the said Ann Van Lieu, the interest now due her on the said one thousand dollars, without abatement or deduction." Of this order the assignees now complain.

The order, we presume, is founded on the principle, that John R. VanLieu, as to the widow, and the sum of one thousand dollars, stood in the character of a trustee, and that the cestui que trust, and the trust fund, ought to be preferred to the general creditors

The question presented by a case of this kind is, whether the fund remains in such a state, that it can be taken and specifi-

cally appropriated to the object of the trust, or whether it has been so blended with the insolvent's estate, that it cannot be known and distinguished. When the property has been converted into cash by the insolvent, and absorbed in the general mass of his estate, so that it cannot be followed or distinguished, a cestui que trust stands on the same footing with other creditors. Thus, in *Ex parte, Ellis,* 1 *Atk.* 101, the Lord Chancellor appointed a receiver of the effects of the testator unreceived by Winsmore, the bankrupt executor, and ordered the assignee to deliver to the receiver such parts of the testator's effects, as should be found to have been received by Winsmore, or to be in his hands, in specie. In *Ex parte Dumas,* in the matter of Jullian, a bankrupt, the petitioners, Dumas and company, had remitted to the bankrupt bills of exchange for a particular purpose, some of which he had negociated, and others remained in his hands, the Lord Chancellor said, "suppose the petitioners had consigned over goods to Jullian, as their factor, and he had sold them and turned them into money, the principal then could only have come in as a general creditor under the commission, but if the goods had continued in specie, and had been found in Jullian's hands at the time of his bankruptcy, it would have been otherwise, and has been so determined in several cases"—and he ordered the specific bills remaining undiscounted, to be delivered up to the petitioners. 1 *Atk.* 232. In *Howard, widow, and another, executors,* v. *Jemmet, executor,* 3 *Burr.* 1369, Lord Mansfield said, "if an executor becomes bankrupt, the commissioners cannot seize the specific effects of his testator, not even in money, which specifically can be distinguished and ascertained to belong to such testator, and not to the bankrupt himself." In *Tooke* v. *Hollingsworth,* 5 *D.* and *E.* 226, Lord Kenyon said, "If goods be sent to a factor to be disposed of, who afterwards becomes a bankrupt, and the goods remain distinguishable from the general mass of his property, the principal may recover the goods in specie, and is not driven to the necessity of proving his debt under the commission of bankrupt;—nay, if the goods be sold and reduced to money, provided that money be in separate bags, and distinguishable from the factor's other property, the law is the same." And the court held that the plaintiff was entitled to recover from the defendants, who were

the assignees of a bankrupt, certain property " remaining in specie, not blended with the other effects of the bankrupt, and not having answered the particular purpose for which it was sent."

In the present case, the bonds of the testator had been converted into money, which was mixed up with the other property of the insolvent, before the assignment—did not remain in specie— could not be specifically distinguished and ascertained to belong to the testator—did not remain distinguishable from the general mass of the insolvent's property, and was blended with his other effects. The order of the Court of Common Pleas was improperly made.

In setting aside the order, we wish to be clearly understood as intimating no opinion, where the loss, if there is to be one, must fall, whether on the surviving executor, the widow, or the estate.*

Let the order be quashed.

* NOTE. The above opinion was drawn up by the late Chief Justice EWING, and was adopted and pronounced by his associates, as the opinion of the court.